UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JONATHAN P. DUENAS,<br><br>               Petitioner,<br>    v.<br><br>RON HAYNES,<br><br>               Respondent. | Case No. 3:18-cv-06027-RBL-TLF<br><br>REPORT AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for March 15, 2019 |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Before the Court is petitioner's application to proceed *in forma pauperis*. Dkt. 1. The Court should deny that application. Petitioner has sufficient funds to pay the $5.00 filing fee.

## DISCUSSION

The district court may allow a litigant to proceed IFP upon the submission of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). Yet IFP status is a privilege not a right, and the district court has discretion to deny such status. *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). The privilege of proceeding with a cause of action IFP should be permitted "only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

By requesting the court to proceed *in forma pauperis*, petitioner is asking the government to incur the filing fee because he is unable to afford the costs necessary to proceed with his cause

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 1

of action. Petitioner's prison trust account statement shows he has average monthly receipts of $105.67 and an average spendable balance of $18.25. Dkt. 1, p. 3. Given that the filing fee for *habeas corpus* petitions is $5.00, petitioner has sufficient funds in his prison trust account to pay that fee.

## RECOMMENDATION

It is reasonable for petitioner to incur the costs to proceed with his petition. The Court thus should deny petitioner's application to proceed *in forma pauperis*, and order him to pay the filing fee **within thirty (30) days** of the Court's order.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **March 15, 2019**, as noted in the caption.

Dated this 25th day of February, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S APPLICATION TO PROCEED IN FORMA
PAUPERIS - 2