1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

JONATHAN P. DUENAS,

7
                              Petitioner,

8
         v.

9
RON HAYNES,

10
                              Respondent.

Case No. C18-6027-RBL-TLF

REPORT AND
RECOMMENDATION

Noted for **February 28, 2020**

11

        This matter comes before the Court on petitioner's petition for writ of habeas

12

corpus under 28 U.S.C. § 2254. Petitioner is in custody serving a 175-month (total

13

confinement) sentence, including a period of post-release community supervision, for

14

convictions of one count of first degree rape of a child, two counts of first degree child

15

molestation, and one count of third degree child molestation, in Clark County Superior

16

Court Cause No. 14-1-01604-2. Dkt. 9-1 at 215, 222.

17

        Petitioner raises the following grounds:

18

        1. Sixth Amendment violation because the children's mother made a
           statement about their credibility;

19

        2. Prosecutorial misconduct during trial and in closing argument caused a
           due process violation;

20

        3. Ineffective assistance of counsel for failing to object to evidentiary error
           and the prosecutor's alleged misconduct caused a Sixth and
           Fourteenth Amendment violation;

21

22

        4. Cumulative error (from the errors alleged in grounds one, two and
           three) caused a due process violation, under the Fourteenth
           Amendment;

23

        5. A condition of community supervision concerning relationships with
           children is void for vagueness under the Fourteenth Amendment.

24

25

REPORT AND RECOMMENDATION - 1

Dkt. 4, Habeas Corpus Petition at 18-26; Dkt. 10, Petitioner's Response at 1-20.

The facts of the case will be discussed in the sections below; the Washington State Court of Appeals, Division II summarized the facts in its unpublished decision. Dkt. 9-1 at 216-222 (State's Ex. 2, Opinion in *State v. Duenas*, No. 48119-7-II, 2017 WL 2561589 (Wash. Ct. App. Aug. 8, 2017) at *1-*5) (attached to this Report and Recommendation). The trial-related facts will be discussed in the analysis section below, insofar as the trial facts are relevant to issues presented in this habeas corpus case.

I.     DISCUSSION

A.  EXHAUSTION OF STATE COURT REMEDIES

The State argues that petitioner failed to exhaust state remedies on two of his claims: The petitioner's first claim – alleging that the mother of the victim gave impermissible opinion testimony concerning the credibility of her daughters; and the petitioner's second claim, regarding prosecutorial misconduct. Dkt. 8, Respondent's Answer and Memorandum, at 9, 11-13. According to 28 U.S.C. § 2254(b)(1),   the petitioner bears the burden of proof to show that he has exhausted state court remedies: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A)   the applicant has exhausted the remedies available in the courts of the State[.]"; *Lambrix v. Singletary,* 520 U.S. 518, 523-24 (1997).

1    A state prisoner must exhaust state remedies by fairly presenting the same factual

2    and legal bases for claims of any violation of federal rights to the state courts, before

3    including those same claims in a petition for writ of habeas corpus in federal court. 28

4    U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Exhaustion of

5    federal claims requires the petitioner to finish "one complete round of the State's

6    established appellate review process," up to the highest state court with powers of

7    discretionary review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

8    In this case, the petitioner's first ground for relief – alleging that the mother of the

9    victims gave impermissible opinion testimony concerning the credibility of her daughters

10    – is exhausted, because he presented the same factual claim to the Washington State

11    Supreme Court as an issue under the Sixth Amendment to the United States Constitution.

12    Dkt. 9-1, at 266 (Petition for Review).

13    Petitioner's second ground, regarding prosecutorial misconduct, is also exhausted

14    because the same facts now raised in federal court to assert this claim were argued to

15    the state courts as a Federal Constitutional Fourteenth Amendment due process issue.

16    *Id.* at 257, 268-269 (Petition for Review).

17    B.  PROCEDURAL BAR

18    The State argues that even if petitioner exhausted state remedies with respect to

19    ground one and exhausted the portions of ground two that the Court of Appeals found to

20    be waived (the "shivers" comment, and the emotional impact of the crime on the victims'

21    family), the petitioner cannot raise these claims because each of these grounds is

22    procedurally defaulted. Dkt. 8 at 14, 28-29. According to the doctrine of procedural

23    default, "a federal court will not review the merits of claims, including constitutional

24

25

1    claims, that a state court declined to hear because the prisoner failed to abide by a state

2    procedural rule." *Martinez v. Ryan,* 566 U.S. 1, 9 (2012). Ordinarily, the federal court is

3    required to consider procedural bar issues before reviewing any federal habeas corpus

4    claim on the merits. *See Lambrix v. Singletary,* 520 U.S. 518, 524 (1997).

5         The state court must make a clear and express statement that it is relying on a

6    procedural default. *Koerner v. Grigas,* 328 F.3d 1039 (9th Cir. 2003). Even if the state

7    court issues a ruling that applies a procedural bar and, in the alternative, also addresses

8    the merits, the court reviewing the case on federal habeas corpus will nevertheless

9    enforce the procedural bar rule. *Harris v. Reed,* 489 U.S. 255, 264, n.10 (1989).

10        The state court procedural rule must be both "independent" and "adequate".

11   *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991). A state procedural rule is

12   considered "adequate" if it was "firmly established and regularly followed" at the time of

13   the act or omission that caused a procedural bar to be applicable. *Ford v. Georgia,* 498

14   U.S. 411, 423-25 (1991). The procedural rule under state law would be "independent" if

15   it is not dependent on a federal constitutional ruling or interwoven with federal law. *Ake*

16   *v. Oklahoma,* 470 U.S. 68, 75 (1985).

17        After the respondent asserts procedural bar, the petitioner must specifically

18   allege reasons to show the state's rule of procedure is not adequate or independent.

19   *Bennett v. Mueller,* 322 F.3d 573, 580 (9th Cir. 2003). Procedural default will only be

20   excused if the petitioner shows cause for the default and actual prejudice from an

21   alleged violation of federal law, or the petitioner must demonstrate that failure to

22   consider the claims will cause a fundamental miscarriage of justice because the

23

24

25

- 4

petitioner is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 329 (1995); *Coleman,* at 750; *Rodney v. Filson,* 916 F.3d 1254, 1259 (9th Cir. 2019).

If a habeas corpus petitioner relies on ineffective assistance of counsel as a basis for showing cause and "actual and substantial prejudice," a petitioner must demonstrate that trial counsel was ineffective by failing to object and thereby preserve the error at the trial court level. *Visciotti v. Martel,* 862 F.3d 749, 768-69 (9th Cir. 3013). Therefore, to establish cause and prejudice to excuse the procedural default where trial counsel failed to object at trial, the petitioner would need to show: First, that trial counsel performed deficiently; second, a reasonable probability exists that, but for the deficient performance of trial counsel, the result of the trial would have been different; and third, the underlying claim of ineffective assistance of trial counsel is a substantial one – i.e. the petitioner must show the claim of ineffective assistance of counsel has merit. *Id.* at 769-772; *see also Lowry v. Lewis,* 21 F.3d 344, 346 (9th Cir. 1994) (trial counsel does not provide deficient representation under *Strickland v. Washington,* when counsel fails to pursue a motion that would be meritless; petitioner must show that if counsel had filed the motion, the motion would have been granted and there is a reasonable probability that if the motion had been granted the outcome of the trial would have been different). At the procedural default stage, the federal court reviews ineffective assistance of counsel allegations de novo; it does not apply the AEDPA deference to the state court's ruling about ineffective assistance of counsel. *Visciotti,* 862 F.3d at 768-69.

With respect to the actual innocence exception to the procedural bar doctrine, the petitioner is required to establish more than the existence of a reasonable doubt;

1   petitioner must show, based on new evidence, it is more likely than not that no

2   reasonable juror would have convicted them in light of the new evidence. *Schlup,* 513

3   U.S. at 327. This standard allows the petitioner to present "evidence of innocence so

4   strong that a court cannot have confidence in the outcome of the trial unless the court is

5   also satisfied that the trial was free of nonharmless constitutional error." *Id.,* at 316. The

6   federal court does "not make an independent factual determination about what likely

7   occurred, but rather . . . assess[es] the likely impact of the evidence on reasonable

8   jurors." *House v. Bell,* 547 U.S. 518, 538 (2006).

9       In this case, the State argues that ground one (Dkt. 4 at 18-20), regarding the

10  statements of the child victims' mother about the credibility of her daughters, is

11  procedurally barred because the defense failed to object at the trial court, and the

12  Washington State Court of Appeals refused to review it. The Court should reject this

13  procedural bar argument.

14      The appellate court held that by failing to object in the trial court, Mr. Duenas

15  waived this claim and was precluded from raising it on appeal. Dkt. 9-1 at 223-24 (*State*

16  *v. Duenas*, 199 Wn. App. 1027 (2017) unpublished opinion at *5 -*6, attached). The

17  Washington State Court of Appeals relied on Washington Rule of Appellate Procedure

18  (RAP) 2.5(a)(3) as the reason it declined to review the issue that is now raised in federal

19  habeas as ground one. *Id.* According to Ninth Circuit precedent, RAP 2.5 is not an

20  independent and adequate ground for a procedural bar. *Kreck v. Spalding,* 721 F.2d

21  1229, 1235 (9th Cir. 1983) (observing that under RAP 2.5(a), a party is allowed, on

22  appeal, to raise a claim of manifest error affecting a constitutional right even if that party

23  failed to bring the claim of error to the attention of the trial court). Because this

24

25

procedural rule is intertwined with the analysis of "manifest error affecting a constitutional right", it is intertwined with federal law, and cannot be considered an independent state law ground. *Kreck v. Spalding; see also, County Court of Ulster County, N.Y. v. Allen,* 442 U.S. 140, 150 (1979) (holding that New York did not have a contemporaneous objection rule that forbid a defendant from raising a federal constitutional claim for the first time on appeal).

In addition, the State argues that petitioner's ground two is procedurally defaulted because his attorney failed to object (Dkt. 4 at 22) – concerning the deputy prosecutor's remarks to the jury during closing argument, "that [details described in a statement by one of the child victims about defendant's sexual assault] should send some shivers down some of you", and the deputy prosecutor's comments about the impact on the victims' family. This Court should hold that these portions of ground two are procedurally barred; the Washington State Court of Appeals applied an independent and adequate state law waiver rule when it refused to review these portions of the prosecutorial misconduct issue. As to these portions of ground 2, the appellate court applied a different state court procedural default rule (not RAP 2.5).

With respect to the claim of prosecutorial misconduct, the Washington Court of Appeals determined that petitioner waived the alleged error because he failed to object during the prosecutor's closing argument. Dkt. 9-1 at 231 (*State v. Duenas*, 199 Wn. App. 1027 (2017) unpublished opinion at *9, attached). Under Washington law, a claim of prosecutorial misconduct cannot be raised for the first time on appeal unless the defendant shows the misconduct "was so flagrant and ill-intentioned that an instruction [from the trial court] could not have cured the resulting prejudice." *State v. Emery,* 174

1  Wn.2d 741, 760-61 (2012). This was the law at the time that petitioner was charged with

2  the offenses that are the subject of this federal habeas corpus petition, and it has been

3  consistently applied by the Washington Supreme Court. *See, State v. Belgarde,* 110

4  Wn.2d 504, 507-512 (1988); *State v. Gentry,* 125 Wn.2d 570, 640 (1995); *State v.*

5  *Thorgerson,* 172 Wn.2d 438, 442 (2012); *State v. Scherf,* 192 Wn.2d 396 (2018).

6  Although he does not directly argue the cause and prejudice exception to the

7  procedural default doctrine, petitioner argues in claim three of his petition for federal

8  habeas corpus that defense counsel was ineffective for failure to object to any of the

9  alleged instances of prosecutorial misconduct. Dkt. 4 at 25. In his response to the

10  Answer, petitioner fails to assert that this state law procedural rule is not independent,

11  or that it is inadequate. Dkt. 10. Because petitioner did not respond to the State's

12  argument concerning procedural bar, these claims should not be reviewed by this Court.

13  Moreover, petitioner did not come forward with new evidence that would meet the

14  actual innocence standard of *Schlup v. Delo.* Therefore, the Court has no new evidence

15  from which it would be able to assess whether it is more likely than not that no

16  reasonable juror would have convicted Mr. Duenas in light of any new evidence.

17

18  C.  <u>ANALYSIS</u>

19  1.  Standard of Review

20  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the federal

21  court reviews the last reasoned state-court decision. *Murray v. Schriro,* 745 F.3d 984,

22  996 (9th Cir. 2014). The federal court defers to the state court's decision for claims that

23  were adjudicated on the merits, except, the federal court does not defer if the state court

24

25

1    made a decision "contrary to, or involved an unreasonable application" of "clearly

2    established Federal law, as determined by the Supreme Court of the United States" or

3    was "based on an unreasonable determination of the facts in light of the evidence

4    presented." 28 U.S.C. § 2254(d); *Harrington v. Richter,* 562 U.S. 86, 97-98 (2011). Any

5    claims that are federally reviewable and were not adjudicated on the merits by the state

6    court, are reviewed de novo in federal court. *Rodney v. Filson,* 916 F.3d 1254, 1260 (9th

7    Cir. 2019).

8          On habeas corpus review, the federal court presumes that the state court

9    adjudicated the claim on the merits when "the relevant state court decision . . . fairly

10    appear[s] to rest primarily on federal law or [is] interwoven with [federal law].", unless

11    the state court's ruling shows (or state law procedural rules would apply and preclude a

12    decision on the merits) the merits were not reached. *Ylst v. Nunnemaker,* 501 U.S. 797,

13    801-802 (1991) (quoting *Coleman v. Thompson,* 501 U.S. 722, 740 (1991)).

14          To be considered an adjudication on the merits, the state court's decision may be

15    a summary adjudication that does not include an explanation of the state court's

16    reasoning; the habeas petitioner must still show there was no reasonable basis upon

17    which the state court denied relief. *Harrington v. Richter,* at 98-99. In reviewing a

18    summary decision by a state court that appears to be a decision "on the merits", the

19    federal court would be required to determine: First, "what arguments or theories

20    supported or . . . could have supported . . . the state court's decision"; second, "whether

21    it is possible fairminded jurists could disagree that those arguments or theories are

22    inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102; Cook

23    *v. Kernan,* __ F.3d __, No. 17-17257, 2020 WL 288252 (9th Cir. Jan. 21, 2020) at *9.

24

25

1    In this case, the Washington State Court of Appeals (the last reasoned decision

2  of a state appellate court) addressed each of the petitioner's grounds on the merits,

3  except for two contentions about prosecutorial misconduct. As discussed above, the

4  state appellate court reviewed ground one of the petition, concerning an allegation of

5  improper opinion testimony, under a state law procedural default rule and also on the

6  merits. See Dkt. 9-1 at 224 (*State v. Duenas*, 199 Wn. App. 1027 (2017) unpublished

7  opinion at *5 -*6, attached) (holding that in Duenas' case, the witness does not

8  expressly give an opinion about whether they believe a victim's account of the events,

9  and does not expressly give an opinion about the defendant's guilt; therefore no

10  manifest constitutional error occurred). And, the Court of Appeals imposed an

11  independent and adequate state law procedural default rule and this Court should

12  refuse to review the two allegations of prosecutorial misconduct for which the petitioner

13  has procedurally defaulted.

14    "Clearly established federal law" consists of governing legal principles

15  established by the United States Supreme Court at the time a state court renders its

16  decision. *Lockyer v. Andrade,* 538 U.S. 63 (2003). If there is no prior decision of the

17  United States Supreme Court that would clearly entitle the petitioner to relief, "the state

18  court's decision could not be 'contrary to' any holding from this [the United States

19  Supreme] Court." *Woods v. Donald,* 575 U.S. 312, 317 (2015) (per curiam). The holding

20  of the United States Supreme Court, not dicta, constitutes clearly established law. *White*

21  *v. Woodall,* 572 U.S. 415, 419 (2014).

22    Each clause – "contrary to" and "unreasonable application" – contained in 28

23  U.S.C. § 2254(d)(1) has a separate and independent meaning. *Williams v. Taylor,* 529

24

25

1    U.S. 362, 405 (2000). A state court ruling is contrary to clearly established federal law if

2    the state court either arrives at a conclusion opposite to that reached by the Supreme

3    Court on a question of law or decides a case differently than the Supreme Court "on a

4    set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13

5    (2000). A state court decision is an unreasonable application of Supreme Court

6    precedent "if the state court identifies the correct governing principle from [the Supreme

7    Court's] decisions but unreasonably applies that principle to the facts of the prisoner's

8    case." *Id.* at 413.

9         To be an unreasonable application of Supreme Court precedent, the state court's

10   decision must be objectively unreasonable. *Wilson v. Sellers,* 584 U.S. __, 138 S.Ct.

11   1188, 1191-92 (2018); *Lockyear v. Andrade,* 538 U.S. 63, 69 (2003). The petitioner

12   must show that "the state court's ruling on the claim being presented in federal court

13   was so lacking in justification that there was an error. . . beyond any possibility for

14   fairminded disagreement." *Harrington v. Richter,* 562 U.S. 86, 102 (2011). This means a

15   state court's decision must be more than "incorrect or erroneous"; if the state court

16   simply made an error, then federal courts should refrain from re-evaluating the state

17   court's application of federal law. *Lockyer v. Andrade,* 538 U.S. at 75; *Cooks v.*

18   *Newland,* 395 F.3d 1077, 1080 (9ᵗʰ Cir. 2005).

19        When the federal court determines whether a state court decision was based on

20   an unreasonable determination of the facts in light of the evidence, a federal habeas

21   court must presume that state court factual findings are correct. 28 U.S.C. § 2254(e)(1).

22   The presumption is overcome if the petitioner presents "clear and convincing evidence"

23   that state court findings of fact are "objectively unreasonable." *Miller-El v. Cockrell,* 537

24

25

U.S. 322, 340 (2003). The petitioner may be entitled to relief if there is an unreasonable factual foundation for the state court's factual determination. 28 U.S.C. § 2254(e); *Murray v. Schriro,* 745 F.3d 984, 999 (9th Cir. 2014).

     2.  Claims Raised by Petitioner

Claim One: Improper Opinion Testimony

     Petitioner argues that his trial was fundamentally unfair under the Fourteenth Amendment due process protections, because the deputy prosecuting attorney elicited testimony from the mother of the two girls who were the complaining witnesses on re-direct examination that the victims, her daughters H.A. and K.L., may have told "fibs" about small matters but would not lie about a massive issue like the allegations of sexual misconduct against the defendant. Dkt. 4 at 18-20. The Washington State Court of Appeals determined that this was not an express statement by the mother of the complaining witnesses attesting to their truthfulness, nor did she expressly state that she believed that her daughters did not lie. 9-1 at 10 (attached). Moreover, the Washington State Court of Appeals determined that the mother's testimony on this point was not improper opinion testimony about the defendant's guilt. Dkt. 9-1 at 11.

     Petitioner does not cite to any United States Supreme Court opinion that would be clearly established law concerning this issue. *See, Burling v. Addison,* 451 Fed. Appx. 761, 764 (10th Cir. 2011). Because there is no clearly established law in the United States Supreme Court on this issue, the Washington State Court of Appeals did not interpret federal law in a manner that was either contrary to, or an unreasonable application of any United States Supreme Court holdings. *Woods v. Donald,* 575 U.S. 312, 317 (2015) (per curiam).

Claim Two: Prosecutorial Misconduct Allegations

Regarding the plaintiff's claims of prosecutorial misconduct, portions of this ground are procedurally barred, as discussed above. The prosecutorial misconduct claims should be rejected because the state court applied clearly established federal law in a reasonable way. Clearly established law from the United States Supreme Court holds that "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright,* 77 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 642 (1974). If a state court applies harmless error analysis to a constitutional claim, "a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable." *Davis v. Ayala,* 135 S.Ct. 2187, 2199 (2015) (quoting *Fry v. Piller,* 551 U.S. 112, 119 (2007)) (emphasis in original); *Hall v. Haws,* 861 F.3d 977, 992 (9th Cir. 2017). A state court decision will be considered reasonable under AEDPA standards as long as "fairminded jurists could disagree on [its] correctness." *Davis v. Ayala,* 135 S.Ct. 2187, 2199.

And, habeas corpus relief for a claim of trial error will only be appropriate if an error results in "actual prejudice". *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993). The federal habeas court's test for determining whether a federal constitutional error at trial caused "actual prejudice" is: Does the federal court have "grave doubt about whether a trial error of federal law had a substantial and injurious effect or influence in determining the jury's verdict." *Davis v. Ayala,* 135 S.Ct. at 2197-98; *Hall v. Haws,* 861 F.3d at 991.

1    When the federal court evaluates whether constitutional errors of prosecutorial

2   misconduct occurred and whether any such errors were harmless, the court must

3   consider the alleged errors in the context of the entire trial, including the weight of the

4   evidence at trial, whether the state's attorney misstated evidence, whether the trial court

5   gave a jury instruction about disregarding comments that are not evidence, whether the

6   prosecutor's comment was invited by the defense, and whether the defense had an

7   adequate opportunity to rebut the allegedly erroneous comment. *Darden v. Wainwright,*

8   477 U.S. at 182; *Trilo v. Biter,* 769 F.3d 995, 1001-02 (9th Cir. 2014).

9   The allegations of the prosecutorial misconduct claims are:

10  • The prosecutor's remarks to the jury during closing argument, "that [details

11     described in a statement by one of the child victims about defendant's sexual

12     assault] should send some shivers down some of you" (Dkt. 4 at 22)

13  • Closing argument about the impact on the victims' family (Dkt. 4 at 22-23)

14  • The deputy prosecutor elicited opinion testimony from the mother of the child

15     victim about the veracity of her daughters' allegations (Dkt. 4 at 20)

16  • The deputy prosecutor argued that the defendant was accusing the children of

17     fabricating and colluding; in making this closing argument, the deputy prosecutor

18     cast the defense itself as morally corrupt (Dkt. 4 at 21)

19  • The deputy prosecutor maligned counsel for the defendant by arguing in closing

20     that the defense counsel had presented a misleading argument (Dkt. 4 at 21)

21  • The deputy prosecutor made a statement in closing argument that "the defendant

22     raped and molested his soon-to-be stepchildren" yet there was no evidence that

23     a second child was raped (Dkt. 4 at 21)

24

25

- The deputy prosecutor argued in closing that sexual abuse is committed against other children every day; this argument was not relevant to the issues in the petitioner's trial and was not based on evidence in this case (Dkt. 4 at 21)

The deputy prosecutor made a closing argument that suggested the jury could draw inferences about the defendant's state of mind, without any basis in the evidence (Dkt. 4 at 22).

Considering these remarks in the context of all the evidence, the Court should hold that petitioner's claims were resolved by the Washington Court of Appeals in a manner that was consistent with clearly established law in the United States Supreme Court. *Darden v. Wainwright,* 77 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 642 (1974). The record shows the deputy prosecutor inquired on re-direct about whether there were times when these two children would tell a fib or a lie, and this line of questioning responded to defense counsel's cross-examination on the same topic. Dkt. 9-2 at 277-279. As the Washington Court of Appeals determined, the deputy prosecutor asked about the types of matters that H.A. and K.L. may have lied about in the past but did not ask their mother whether her daughters were telling the truth concerning their account of facts relating to the charged offenses. Dkt. 9-1 at 226 (attached). After this re-direct questioning by the deputy prosecutor, the defense neutralized the re-direct when he followed up on re-cross by asking whether the mother would believe her family – her children – over anyone else, to which she responded that yes, she would. Dkt. 9-2 at 284.

The Washington Court of Appeals reviewed all of the claims regarding the deputy prosecutor's closing argument and held that there was no misconduct, and if any

1    misconduct occurred, it was not prejudicial. Dkt. 9-1 at 227-234 (*State v. Duenas*, 199

2    Wn. App. 1027 (2017) unpublished opinion at *6 -*10, attached). The trial transcript of

3    the closing argument shows that the deputy prosecutor's remarks, taken in context,

4    were not prejudicial. Dkt. 9-2 at 29-72. To the extent that the deputy prosecutor's

5    remarks would potentially be confusing to the jury, this was resolved by the trial court's

6    instruction that the arguments of counsel are not evidence and the jury should disregard

7    any comment that is not supported by the evidence. Dkt. 9-2 at 213.

8          The Washington Court of Appeals ruling is consistent with the analysis of

9    prosecutorial misconduct as a due process claim, *Darden v. Wainwright,* and is also

10   consistent with the standard of review in *Brecht v. Abrahamson,* 507 U.S. 619, 637

11   (1993). The petitioner's claims concerning prosecutorial misconduct should be rejected.

12                    Ineffective Assistance of Counsel Allegations

13         The United States Supreme Court's decision in *Strickland v. Washington,* 466

14   U.S. 668 (1984) is clearly established federal law concerning the Sixth and Fourteenth

15   Amendment right to effective assistance of counsel. *Cullen v. Pinholster,* 563 U.S. 170,

16   189 (2011). *Avena v. Chappell,* 932 F.3d 1237, 1247 (9th Cir. 2019), *certiorari petition*

17   *docketed,* No. 19-6562 (Nov. 6, 2019). To obtain federal habeas corpus relief on a claim

18   that counsel was constitutionally ineffective, the petitioner "must show that counsel's

19   representation fell below an objective standard of reasonableness. . .. under prevailing

20   professional norms"; and the petitioner must establish that counsel's inadequate

21   representation cause prejudice – "that there is a reasonable probability that but for

22   counsel's unprofessional errors, the result of the proceeding would have been different.

23   *Strickland,* 466 U.S. at 687, 694; *Rodney v. Filson,* 916 F.3d 1254, 1260 (9th Cir. 2019).

24

25

1  "A reasonable probability is a probability sufficient to undermine confidence in the

2  outcome." *Strickland,* at 694. A federal habeas court uses a "doubly deferential"

3  standard of review – giving the state court and the defense counsel the benefit of the

4  doubt. *Cullen v. Pinholster,* at 190. Under AEDPA, the federal court does not apply the

5  *Strickland* standard de novo; "[t]he pivotal question is whether the state court's

6  application of the *Strickland* standard was unreasonable." *Harrington v. Richter,* 562

7  U.S. 86, 101 (2011).

8          In this case, the Washington State Court of Appeals applied the same standards

9  for ineffective assistance of counsel that have been applied by the United States

10  Supreme Court. The state appellate court found that even if counsel's performance was

11  not adequate (assuming, without deciding the performance prong), the defendant failed

12  to establish prejudice. Dkt. 9-1 at 234-239 (*State v. Duenas*, 199 Wn. App. 1027 (2017)

13  unpublished opinion at *10- *12, attached). The Washington Court of Appeals

14  determined that petitioner did not show that any of the evidentiary objections (that he

15  argues his trial lawyer should have made) would have been sustained; nor did he show

16  that even if such objections had been sustained the result of the trial would probably

17  have been different. The Washington State Court of Appeals likewise found that the

18  prosecutor's statements were not central to the case, and therefore defense counsel's

19  failure to object to certain comments made by the State's counsel during closing

20  argument could not have been prejudicial. *Id.*

21          To justify granting habeas corpus relief, this Court would be required to find that

22  the Washington Court of Appeals decision is an objectively unreasonable application of

23  Supreme Court precedent. *Wilson v. Sellers,* 584 U.S. __, 138 S.Ct. 1188, 1191-92

24

25

1    (2018); *Lockyear v. Andrade,* 538 U.S. 63, 69 (2003). The petitioner must show that "the

2    state court's ruling on the claim being presented in federal court was so lacking in

3    justification that there was an error. . . beyond any possibility for fairminded

4    disagreement." *Harrington v. Richter,* 562 U.S. 86, 102 (2011); *Cook v. Kernan,* __ F.3d

5    __, No. 17-17257, 2020 WL 288252 (9th Cir. Jan. 21, 2020) at *9. Petitioner has failed to

6    meet this burden, and habeas corpus relief concerning ineffective assistance of counsel

7    must be denied.

8

9    Cumulative error claim

10        Cumulative error warrants federal habeas corpus relief only when the combined

11    effect of multiple errors at trial rendered the criminal trial fundamentally unfair; if the trial

12    was so infected with unfairness as to have a "substantial and injurious effect or

13    influence in determining the jury's verdict", this would be violation of due process under

14    the Fourteenth Amendment. *Brecht v. Abrahamson,* 507 U.S. at 637; *Chambers v.*

15    *Mississippi,* 410 U.S. 284, 302 (1973); *Clark v. Chappell,* 936 F.3d 944, 993-94 (9th Cir.

16    2019). As the Washington Court of Appeals found, there were no prejudicial errors, and

17    even if there were arguable errors concerning prosecutorial misconduct – those errors

18    were brief and isolated statements that did not undermine the petitioner's convictions or

19    his right to a fair trial. Dkt. 9-1 at 238-239 (*State v. Duenas*, 199 Wn. App. 1027 (2017)

20    unpublished opinion at *13, attached). This Court should hold, as argued above, that the

21    state appellate court reasonably applied clearly established law as announced by the

22    United States Supreme Court as to each of the errors alleged by the petitioner, and

23    therefore petitioner's cumulative error claim should be rejected.

24

25

1

2  <u>Claim that community custody condition, regarding prohibition on relationships with</u>

3  <u>minor persons, is void for vagueness</u>

4          Respondent argues that petitioner cannot raise this claim because the

5  United States Supreme Court has not recognized any federal habeas corpus

6  constitutional right to a non-vague condition of supervision. Dkt. 8 at 38-39. The Court

7  should hold that the Washington State Court of Appeals decision is not unreasonable.

8  *State v. Duenas*, 199 Wn. App. 1027 (2017) unpublished opinion at *16-*17, attached.

9  There is no clearly established law from the United States Supreme Court on this claim.

10 Because there is no prior decision of the United States Supreme Court that would

11 clearly entitle the petitioner to relief, "the state court's decision could not be 'contrary to'

12 any holding from this [the United States Supreme] Court." *Woods v. Donald,* 575 U.S.

13 312, 317 (2015) (per curiam).

14

15

16  I.      PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING

17          "A state court need not conduct an evidentiary hearing to resolve every disputed

18  factual question." *Gulbrandson v. Ryan,* 738 F.3d 976, 987 (9th Cir. 2013). A state court

19  is not required to hold an evidentiary hearing if – even assuming the petitioner's

20  allegations of fact were true – the allegations would not support relief. *Hibbler v.*

21  *Benedetti,* 693 F.3d 1140, 1147-48 (9th Cir. 2012). The first step in deciding whether an

22  evidentiary hearing should be ordered in federal court is to consider whether a factual

23  basis exists in the state court record to support the petitioner's claim. *Hibbler,* at 1147;

24

25

1    *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007). "[A] federal court must consider

2    whether such a hearing could enable an applicant to prove the petition's factual

3    allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* Two

4    conditions must be met: First, petitioner must allege sufficient facts that, if true, would

5    entitle petitioner to relief; and second, petitioner must show that they did not receive a

6    full and fair hearing in state court. *Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir. 2003).

7         Where state courts adjudicated the habeas corpus claim on the merits, the

8    federal court's review is normally limited to the record before the state court that

9    adjudicated the claim on the merits. *Cullen v. Pinholster,* at181; *Gulbrandson v. Ryan,*

10    738 F.3d 976, 993 (9th Cir. 2013). There is a strong but rebuttable presumption that the

11    state court adjudicated a federal claim on the merits. *See Johnson v. Williams,* 568 U.S.

12    298, 300-01 (2013); *Harrington v. Richter,* 562 U.S. 86 (2011). If the state court applied

13    the law in a manner that is contrary to the governing law set forth in United States

14    Supreme Court precedent, then the federal court considers the claim without deference

15    that AEDPA would otherwise require. *Panetti v. Quarterman,* 551 U.S. 930, 949, 953

16    (2007).

17         If a petitioner successfully shows that a state court based its' findings on an

18    unreasonable determination of facts, a petitioner may be entitled to an evidentiary

19    hearing. *Hurles v. Ryan,* 752 F.3d 768, 790-91 (9th Cir. 2014). "If the factual basis for a

20    claim is undeveloped or absent, the next inquiry is whether petitioner 'failed to develop'

21    these facts in state court proceedings." *Cook v. Kernan,* __ F.3d __, No. 17-17257,

22    2020 WL 288252 (9th Cir. Jan. 21, 2020) at *13 (quoting *Insyxiengmay v. Morgan,* 403

23    F.3d 657, 669-70 (9th Cir. 2005)). And, under 28 U.S.C. §2254(e)(2), failure of a

24

25

petitioner to develop the factual basis of the claim in state court will preclude the federal

district court from granting an evidentiary hearing, unless:

> (A)  the claim relies on either:
>   (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

*See Cook v. Kernan,* at *13.

In this case, the only claims that were not decided by the Washington State Court

of Appeals on the merits of the federal legal issues are the prosecutorial misconduct

claims for which petitioner defaulted, due to an independent and adequate state law

procedural bar. Because the petitioner has not shown cause or prejudice that would

excuse this procedural bar, nor has he alleged that the state law procedural rule was

either not independent, or not adequate, nor has he shown any newly discovered

evidence that would support an actual innocence claim, the Court should dismiss with

prejudice the portions of ground two that are procedurally barred.

The petitioner has not shown any unreasonable application of clearly established

federal law, nor any unreasonable determination of facts, nor has he shown that he

failed to develop facts because the factual predicate could not have been previously

discovered through due diligence. Therefore, petitioner has not made a showing that he

is entitled to an evidentiary hearing in this case.

1

2       II.    CERTIFICATE OF APPEALABILITY

3              A petitioner seeking post-conviction relief under § 2254 may appeal a district

4       court's dismissal of his federal habeas petition only after obtaining a certificate of

5       appealability from a district or circuit judge. A certificate of appealability may issue only

6       where a petitioner has made "a substantial showing of the denial of a constitutional

7       right." See 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by

8       demonstrating that jurists of reason could disagree with the district court's resolution of

9       his constitutional claims or that jurists could conclude the issues presented are

10      adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S.

11      322, 327 (2003). Under the above standard, this Court concludes that petitioner is not

12      entitled to a certificate of appealability in this matter.  This Court therefore **recommends**

13      **that a certificate of appealability be denied**.

14      III.    CONCLUSION

15             The Court should reject all of petitioner's grounds for federal habeas corpus relief

16      and **deny the petition with prejudice**. Two of the sub-claims of prosecutorial

17      misconduct are procedurally barred and should be dismissed with prejudice on that

18      basis. All of the claims were reasonably decided by the Washington State Court of

19      Appeals in a manner consistent with existing United States Supreme Court precedent. A

20      proposed order accompanies this Report and Recommendation.

21             Objections to this Report and Recommendation, if any, should be filed with the

22      Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on

23      which this Report and Recommendation is served. Failure to file objections within the

24

25

1    specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

2    Objections should be noted for consideration on the District Judge's motions calendar for

3    the third Friday after they are filed.

4          Responses to objections may be filed within **fourteen (14) days** after service of

5    objections. If no timely objections are filed, the matter will be ready for consideration by

6    the District Judge on **<u>February 28, 2020</u>**.

7

8                        Dated this 13th day of February, 2020.

9

10

11                       Theresa L. Fricke
                          United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 23